13313

HAMPTON COUNTY v. LIGHTSEY, REC'R
IN RE. BRADLEY, STATE BANK EXAMINER
IN RE. BANK OF HAMPTON

(161 S. E., 879)

64

66

70

72

*Mr. Randolph Murdaugh,* for appellant,

*Messrs. Hugh O. Hanna* and *C. Lester Thomas,* for respondent,

January 2, 1932.

The opinion of the Court was delivered by Circuit Judge C. C. FEATHERSTONE, ACTING ASSOCIATE JUSTICE.

The decree of Judge Dennis will have to be affirmed, but we desire to add thereto a short statement:

His decree is founded upon the *Hernlen case,* 156 S. C., 181, 153 S. E., 133, 69 A. L. R., 443, which we desire to reaffirm. The facts in this case bring it squarely within the principle of that case.

The bank knew that the notes aggregating $35,000.00 were to be taken care of by the money received from the 6-0-1 school law; the money was borrowed to await the coming in of that fund.

In addition to this, there is no dispute about the fact that the check of July 1, 1926, was received by the bank upon the express agreement that it was to be used for the purpose of paying the notes. The bank at that time had sufficient funds to pay the check.

There can therefore be no doubt that a trust was created, the bank becoming the agent of the county to pay the notes.

The testimony also reveals that the cashier of the bank knew then that he was not going, at that time, to carry out the trust, his reason being that to pay the notes in full would cripple the bank.

He did not tell the county of this, he says, for the reason that to do so would reveal the weakened condition of the bank, and probably cause it to have to close.

His motive, doubtless, was good, in so far as his own conscience was concerned, but, nevertheless, his conduct amounted to a breach of trust, and an intentional breach.

Equity and good conscience required him, when he accepted the trust, to carry it out.

If he did not intend to carry it out, he ought not to have agreed to do so.

As before stated, the cashier, no doubt, did what he thought was best for the bank, and no actual fraud may have been intended; but his acceptance of the trust, knowing that he was not going to carry it out, in law, created a trust *ex maleficio*.

The judgment of this Court is that the decree of Judge Dennis be affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.

MR. JUSTICE COTHRAN did not participate on account of illness.